United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEIDE MARIE VELARDE,

    Plaintiff,

  v.

CITY OF UNION CITY, et al.,

    Defendants.

No. C 06-02919 JSW

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Now before the Court are the motions to dismiss Plaintiff Heide Velarde's claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the City of Union City, Randy Ulibarri, Chief of Union City Police Department, Al Guzman, former Union City Police Chief, Sergeant Rod Romano, Lieutenant G. Stewart, and Union City Police Officer Bruce Vance (collectively, "Union City"), the City of Fremont and Graig T. Steckler, Chief of the Fremont Police Department (collectively, "Fremont"), Gustavo Samaniego, Principal of Banard White Middle School, Judy Silver, former Principal of Barnard White Middle School, Dr. Patricia Juarequi, Superintendent of New Haven Unified School District, Guy Emanuele, former Superintendent of the New Haven Unified School District, Barbara Aro-Valle, President of New Haven Unified School District, Jonas Dino, Gwen Estes, Jenn Stringer, and Kevin Harper, members of the New Haven School District Board, Pat Gacoscos, Cathie Kelly, Jim Navarro, and Linda Fernandes, former members of the New Haven School District Board (collectively, "the District"), and defense attorney, Allan Gorelick.

Having reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS defendants' motions to dismiss as to all claims.

**BACKGROUND**

According to the allegations in Plaintiff's complaint, on October 4, 1996, Plaintiff attended a parent-teacher conference at Barnard White Middle School ("BMWS"), a school in the New Haven Unified School District located in Union City, California. (Compl. ¶ 26.) After a discussion with former Assistant Principal Gustavo Samaniego and former Principal Judy Silver, Union City Police Officer Bruce Vance escorted Plaintiff out of the principal's office and informed Plaintiff that if she returned to the school, he would arrest her for trespassing. (Compl. ¶¶ 27, 30.) Outside the office, Plaintiff spit on the ground in view of Officer Vance and seven male students. (Compl. ¶ 31.) Plaintiff alleges that Officer Vance accused her of spitting on him and arrested her. (*Id.*) Plaintiff further alleges that Officer Vance then took Plaintiff to a deserted grass area where he subjected her to "inappropriate conduct" and physical abuse. (Compl. ¶ 32.) Plaintiff further contends that in addition to handcuffs, Officer Vance restrained Plaintiff's arms with what she later discovered to be a closeting chain and secured a self-made harness attached with a long black chord to Plaintiff's back. (Compl. ¶ 106.) Plaintiff alleges that Officer Vance used the black chord to drag Plaintiff from one site to another and eventually, threw her against the squad car in the parking lot with excessive force. (Compl. ¶¶ 92, 106.) Plaintiff further alleges that Assistant Principal Samaniego witnessed Officer Vance dragging Plaintiff away and that he placed her sandal, which came off during the dragging, into the squad car's trunk. (Compl. ¶ 33.) Plaintiff alleges that Officer Vance later put Plaintiff in the squad car, conversed with Samaniego, and drove her to the Union City Police Department ("UCPD"), where she was locked in a holding cell and allegedly threatened not to tell anyone about what happened. (Compl. ¶¶ 34, 36, 37.)

Plaintiff was subsequently transferred to the Fremont Police Department ("FPD"), where she was frisked, booked, fingerprinted, and released. (Compl. ¶ 38.) The next morning, Plaintiff received medical treatment at Kaiser Permanente Hospital, where she reported to the

1  Admittance Clerk that Officer Vance caused her injuries by dragging her.  (Compl. ¶ 39.)
2  Plaintiff alleges that she suffered "blunt force injuries" consisting of a "contusion" on the left
3  side of her back, multiple abrasions on her hands and wrists due to the handcuffs, scrapes and
4  friction burns on her forearm, elbows, shoulder, knees, and toes.  (Compl. ¶ 40.)  In addition,
5  Plaintiff alleges that she suffered mental and emotional distress and psychological trauma that
6  resulted in amnesia, which caused her to forget the type of physical restraints used on her
7  person.  (Compl. ¶¶ 40, 42.)

8  Based on the October 4, 1996 incident, a criminal action was filed against Plaintiff, in
9  which she retained defendant Allan Gorelick to defend her.  (Compl. ¶ 50.)  Subsequently, she
10  pled *nolo contendre* to a lesser charge of disturbing the peace.  (Compl. ¶¶ 129, 130.)  Plaintiff
11  then hired a new attorney to withdraw her plea and filed a complaint against Gorelick with the
12  California State Bar.  (Compl. ¶¶ 52, 53.)

13  In February 1997, Plaintiff alleges that she filed an administrative claim, but does not
14  specify in her complaint against whom.  (Compl. ¶ 42.)  Between November 14, 1997 and
15  January 8, 1998, Plaintiff wrote letters to the UCPD requesting an investigation into the October
16  4, 1996 incident.  (Compl. ¶ 54.)  The UCPD responded that it had found no reason to conduct
17  any further investigation.  (*Id.*)  Plaintiff further contends that she "continued to exercise
18  reasonable care and diligence by communicating through e-mail and letters with Defendant
19  Randy Ulibarri, Police Chief of UCPD" regarding the incident until 2002.  (*Id.*)  In September
20  2002, Plaintiff filed a complaint against Officer Vance.  (*Id.*)  In addition, Plaintiff published a
21  book based on the October 4, 1996 incident.  (Compl. ¶ 10.)

22  On April 28, 2006, Plaintiff filed suit against Union City, Fremont, the District,
23  Gorelick, and 25 unnamed individuals ("Does") asserting a number of claims under 42 U.S.C.
24  § 1983 and state tort claims.  All defendants moved to dismiss on the grounds that Plaintiff's
25  claims are either barred by the statute of limitations or are not cognizable under *Heck v.*
26  *Humphrey,* 512 U.S. 477, 486-87 (1994).  Union City, the District, and Gorelick moved in the
27  alternative for a more definite statement.  On October 27, 2006, this Court held a hearing on the
28  parties' motions.  The parties were duly notified of the hearing; all defendants were present, but
   Plaintiff failed to appear.

3

**I.     Motion to Dismiss.**

    **A.     Legal Standard.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). When a motion to dismiss is based on the running of the statute of limitations, it can only be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. *Jablon v. Dean Witter,* 614 F.2d 677, 682 (9th Cir. 1980).

    **B.     Plaintiff's Section 1983 Claims and State Tort Claims Are Barred by the Applicable Statute of Limitations or Are Not Cognizable.**

Plaintiff asserts six claims pursuant to 42 U.S.C. § 1983 alleging that her civil rights were violated by: (1) false arrest (Compl. ¶¶ 67-72); (2) false imprisonment (Compl. ¶¶ 77-84); (3) police brutality (Compl. ¶¶ 85-99) ; (4) discrimination based on race, ancestry, national origin, sex, and age (Compl. ¶¶ 109-11); (5) deprivation of rights under color of state (Compl. ¶¶ 146-49); and, (6) violation of due process (Compl. ¶¶ 150-53). In addition, Plaintiff asserts various state law claims: (1) unlawful search and seizure in violation of Article 1, § 13 of the California Constitution; (2) assault and battery; (3) discrimination based on based on race, ancestry, national origin, sex, and age in violation of Article 1, § 7 of the California Constitution; (4) violation of California Civil Code section 52.1(b); (5) fraudulent concealment;

4

(6) negligent misrepresentation; (7) breach of fiduciary duty; (8) negligence; (9) intentional infliction of emotional distress; and, (10) negligent infliction of emotional distress.[1]

Union City and Fremont contend that these claims are barred by the statute of limitations because Plaintiff's injuries, if any, accrued on October 4, 1996. Fremont further contends that Plaintiff's Section 1983 claims based on false arrest and false imprisonment are barred under *Heck*. The District contends that Plaintiff's claims should be dismissed based on Plaintiff's failure to comply with the requirement that she first file a written claim with the District, a public entity, pursuant to California Government Code §§ 905, 905.2 and 945.4. The District further contends that these claims are, in any event, barred by the statute of limitations and that the complaint fails to allege sufficient facts to state a claim against the District. Similarly, Gorelick contends that Plaintiff's claims are barred by the statute of limitations and in addition, that the complaint fails to allege sufficient facts to state a claim for which relief could be granted against him.

State statute of limitations and the coordinate tolling rules govern the statute of limitations for Section 1983 claims. *Hardin v. Straub,* 490 U.S. 536, 539 (1989); *Cabrera v. City of Huntington Beach,* 159 F.3d 374, 379-380 (9th Cir. 1998). Section 1983 actions are best characterized as actions for injuries to personal rights, and thus the state statute of limitations for personal injuries applies to Section 1983 claims. *McDougal v. County of Imperial,* 942 F.2d 668, 672 (9th Cir. 1991). Under California law, "action[s] for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for death of one caused by the wrongful act or neglect of another" have a one-year statute of

---

[1] Plaintiff's fifth claim (kidnaping under 18 U.S.C. § 1201), seventh claim (reckless endangerment under "Article 134"), twelfth claim (equitable estoppel); seventeenth claim (obstruction of justice under 18 U.S.C. § 1512) and twenty-first claim (declaratory relief) are not cognizable for the following reasons: Plaintiff lacks authority to prosecute violations under 18 U.S.C. §§ 1201 and 1512; Plaintiff's claims for equitable estoppel and declaratory relief will be construed by this Court as prayers for relief; and Plaintiff's Seventh claim citing "Article 134" appears to correlate to Article 134 of the Uniform Code of Military Justice, under which Plaintiff does not have authority to prosecute. *See United States v. Deloso,* 55 M.J. 712, 713 (2001) (reckless endangerment is a violation of Article 134, UCMJ). To the extent that these claims can be construed as Section 1983 claims or state tort claims, they are also barred by the one-year statute of limitations.

1  limitations period. Cal. Civ. Proc. § 340(3).[2]  Although state law prescribes the statute of
2  limitations applicable to Section 1983 claims, federal law governs the time of accrual. *Gibson*
3  *v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986.)  Under federal law, a claim generally
4  accrues when the plaintiff "knows or has reason to know of an injury which is the basis of the
5  action." *Cabrera,* 159 F.3d at 379.  That is, under federal law, a cause of action accrues when
6  the plaintiff is aware of the wrong and can successfully bring a cause of action. *Acri v. Int'l*
7  *Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1396 (9th Cir. 1986).

### 1.     Claims Arising Out of the October 4, 1996 Incident Are Barred.

Here, all of Plaintiff's federal and state claims against Union City, Fremont, and the District, except the malicious prosecution claim, are time-barred.  On October 4, 1996, the day the alleged injuries occurred, Plaintiff had knowledge that: (1) Officer Vance arrested her and took her to a deserted grassy area; (2) he allegedly subjected her to "inappropriate conduct" and physical abuse (Compl. ¶ 32); (3) the officer used "physical restraints" to secure and drag her from one place to another in the deserted area (Compl. ¶ 40); (4) the scrapes and abrasions she suffered on various parts of her body resulted from being dragged from one site to another (Compl. ¶ 33); (5) Officer Vance used excessive force in throwing Plaintiff against the squad car (Compl. ¶ 92); and, (6) after being held at the UCPD, she was transferred to the FPD where she was booked and released (Compl. ¶ 38).

Under these facts, Plaintiff was well aware of any alleged wrongdoing committed by Officer Vance.  Particularly, she was aware on October 4, 1996 of the alleged injuries that now serve as the bases for her causes of action.  Because Plaintiff's claims accrued on October 4, 1996, her civil rights claims under Section 1983 based on police brutality, deprivation of rights under color of state, violation of due process, and state law claims for assault and battery, fraudulent concealment, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress are barred under California's one-year personal injury statute of

---

[2] Civil Procedure Code § 340(3) prescribes the statute of limitations period for injuries accruing before January 1, 2003.  For injuries accruing after January 1, 2003, Civil Procedure Code § 335.1 controls, which provides that the statute of limitations is two years for actions for personal injuries, except false imprisonment.  False imprisonment retains its one-year statute of limitations pursuant to Civil Procedure Code § 340(c), effective January 1, 2003.

6

1 limitations. *See e.g.,* Cal. Civ. Code § 340(3); *Tucker v. Baxter Healthcare Corp.,* 158 F.3d
2 1046, 1049 (9th Cir. 1998) ("The cause of action accrues on the date of the injury unless the
3 discovery rule applies.").

4 Plaintiff's Section 1983 claims for false arrest and false imprisonment, however, are not
5 barred by the statute of limitations, but are dismissed as not cognizable under Section 1983.
6 Under *Heck,* when a plaintiff seeks damages under Section 1983 based on an allegedly
7 unconstitutional conviction or imprisonment, or for harm caused by the actions surrounding the
8 conviction or imprisonment, the court must determine whether a judgment in favor of the
9 plaintiff would necessarily imply the invalidity of her conviction. *Heck,* 512 U.S. at 487. If it
10 would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction
11 has already been invalidated. *Id.* A claim for damages bearing that relationship to a conviction
12 or sentence that has *not* been so invalidated is not cognizable under Section 1983. *Id.* Here,
13 Plaintiff's claims for false arrest and false imprisonment, if successful, would necessarily imply
14 the invalidity of her conviction for disturbing the peace. *See Cabrera,* 159 F.3d at 380 (where a
15 defendant was convicted of disturbing the peace, his Section 1983 based on false arrest and
16 false imprisonment would necessarily imply the invalidity of his conviction). Thus, for these
17 claims to be cognizable under Section 1983, Plaintiff must demonstrate that her conviction was
18 invalidated. Here, Plaintiff has failed to demonstrate or even allege that her conviction has been
19 invalidated. Therefore, her Section 1983 claims based on false arrest and false imprisonment
20 are not cognizable and are barred under *Heck.*

21 With respect to Plaintiff's Section 1983 claim based on discrimination, Plaintiff alleges
22 that the UPCD discriminated against her based on race, ancestry, national origin, sex, and age
23 when it failed to investigate her complaint against Officer Vance. (Compl. ¶ 110.) Here,
24 Plaintiff filed a complaint with the UCPD in September 2002. (Compl. ¶ 54.) Thus, this claim
25 accrued in 2002. *See Delaware State College v. Ricks,* 449 U.S. 250, 258 (1982) (holding that
26 the proper focus, for purposes of the statute of limitations, is on the time the discriminatory acts
27 occurred, not on the time the discriminatory effects are felt). Under the one-year statute of
28 limitations for Section 1983 claims, this claim is also barred as late-filed.

7

Lastly, Plaintiff's state claims alleging violations of rights secured by the California Constitution are barred by the applicable three-year statute of limitations. Plaintiff alleges claims for unlawful search and seizure in violation of Article 1, § 13 of the California Constitution and discrimination based on race, ancestry, national origin, sex, and age in violation of Article 1, § 7 of the California Constitution.[3] Under California Civil Code section 52.1(b), "[a]ny individual whose exercise and enjoyment of rights secured by the Constitution or laws of the United States, or rights secured by the Constitution or laws of [California], has been interfered with, or attempted to be interfered with, . . . may institute or prosecute in his or her own name and on his or her own behalf a civil action for damages." Cal. Civ. Code § 52.1(b). Because Plaintiff alleges that her rights under the California Constitution were violated, the Court construes her state claims to be brought under Civil Code section 52.1(b). *See Venegas v. County of Los Angeles,* 32 Cal. 4th 820, 841-48 (2004) (provisions of section 52.1 extend to state constitutional and statutory rights; claim for unreasonable search and seizure under California Constitution properly brought under California Civil Code section 52.1). As, such, any liability on the part of the defendants is created by section 52.1. Under the California Civil Procedure Code, "action[s] upon a liability created by statute, other than a penalty or forfeiture" must be commenced "within three years." Cal. Civ. Proc. Code § 338(a). Thus, Plaintiff's state constitutional claims are governed by the three-year statute of limitations prescribed by California Civil Code section 338(a). Here, Plaintiff's state claims accrued in 1996 and are therefore barred as late-filed. Moreover, to the extent that Plaintiff's claims under section 52.1(b) are based on violations of federal law or the United States Constitution, they are also barred as late-filed pursuant to section 338(a).

---

[3] Plaintiff's tenth claim asserts a violation of California Civil Code section 52.1(b). Because section 52.1(b) is an implementing statute, the Court need not address this claim independently of her constitutional violation claims. *See City of Simi Valley v. Superior Court,* 111 Cal. App. 4th 1077, 1085 (2003) ("[California Civil Code section 52.1] permits an individual to sue for damages when his or her constitutional rights are violated").

8

### 2. Claims against Defendant Gorelick.

Plaintiff's claims against defendant Gorelick include fraudulent concealment, negligent misrepresentation, breach of fiduciary duty, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiff retained Gorelick to defend her during her prosecution for the October 4, 1996 incident with Officer Vance. She alleges that on November 5, 1996, Gorelick failed to appear on her behalf at a court hearing, resulting in a bench warrant for her arrest. (Compl. ¶ 50.) Plaintiff further alleges that Gorelick failed to advise her of her constitutional rights, failed to investigate her case, and engaged in a secret arrangement with the presiding judge to cause her to accept a plea agreement in which she agreed to plead *nolo contendre* to a charge of disturbing the peace. (Compl. ¶¶ 51, 52, 142-43.) The statute of limitations for claims against an attorney for wrongful acts or omissions arising from the performance of professional services, other than actual fraud, is governed by California Code of Civil Procedure section 340.6, which prescribes a statute of limitations period of "one year from the date a plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, *whichever occurs first.*" Cal. Civ. Code. Proc. § 340.6 (emphasis added).[4]

Plaintiff admits that she "exercised reasonable care and diligence *within the statute of limitations* to discover the facts constituting the wrongful act" allegedly committed by Gorelick by hiring a new attorney to withdraw her guilty plea. (Compl. ¶ 53) (emphasis added). Thus, Plaintiff had a suspicion of any wrongdoing committed by Gorelick during the statute of limitations period. Consequently, any claims that she had against him accrued at that time. Although she knew of Gorelick's alleged wrongdoing within the statute of limitations period, Plaintiff failed to file suit within the one-year or four-year statute of limitations period. Accordingly, these claims are barred as late-filed. Similarly, her state tort claims against Gorelick are barred by the personal injury statute of limitations. *See* Cal. Civ. Code § 340(3)

---

[4] Plaintiff does not allege that Gorelick committed actual fraud against her. (*See* Compl. ¶¶ 127-28, 133-180.)

9

("An action . . . for injury to or for death of one caused by the wrongful act or neglect of another" has a one-year statute of limitations).

### C. Tolling of the Statute of Limitations.

Plaintiff contends that her claims are not barred by the statute of limitations. She offers three arguments in support of her contention that the statute of limitation should be tolled: California's discovery rule, fraudulent concealment, and equitable estoppel. None of these arguments is persuasive.

#### 1. The Delayed Discovery Rule.

Plaintiff contends that she did not discover the cause of her injuries until May 22, 2005, when a flashback of the incident revealed that a long black chord was one of the physical restraints allegedly used by Officer Vance to injure her. Plaintiff further argues that her claims did not accrue until December 2005 when another flashback revealed that the other physical restraint used was a closeting chain. (Compl. ¶¶ 43-45.) Thus, Plaintiff argues, it was not until December 2005 that Plaintiff knew the cause of her injuries, namely the long black chord and the closeting chain, and therefore the statute of limitations should be tolled until that time. (Compl. ¶ 45.)

Under California law, the statute of limitations can be tolled by the discovery rule which delays the accrual of the date of a cause of action until the plaintiff is aware of her injury and its negligent cause. *Hopkins v. Dow Corning Corp.,* 33 F.3d 1116, 1120 (9th Cir. 1994) (citing *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d 1103, 1109 (1988)). Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing. *Jolly,* 44 Cal. 3d at 1110. "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a *suspicion* of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." *Id.* at 1111 (emphasis added).

Here, according to her own allegations, Plaintiff knew on October 4, 1996 that her injuries were caused by alleged wrongdoing by Officer Vance. Plaintiff knew that Officer Vance allegedly "caused" her injuries by twisting her arm, dragging her, and throwing her against the squad car. (Compl. ¶¶ 32, 87-92.) This is evidenced by the fact that on October 5,

10

1   1996 she informed the Admittance Clerk at the emergency room that her injuries resulted from
2   being dragged while handcuffed by Officer Vance. Plaintiff's knowledge of the cause of her
3   injuries is further evidenced by her ongoing correspondence with the UCPD from November 14,
4   1997 to September 2002, in which she repeatedly requested the UCPD to investigate Officer
5   Vance's conduct during the incident. Finally, in September 2002, Plaintiff filed a formal
6   complaint with the UCPD, further demonstrating her awareness of any wrongdoing committed
7   by Officer Vance. Thus, Plaintiff was aware of the allegedly wrongdoing and its negligent
8   cause. Plaintiff's knowledge of wrongdoing and its cause was sufficient to trigger the running
9   of the statute of limitations. *See Ward v. Westinghouse,* 32 F.3d 1405, 1407 (9th Cir. 1994)
10  ("the California Supreme Court explained that: Under the discovery rule, the statute of
11  limitations begins to run when the plaintiff suspects or should suspect that her injury *was*
12  *caused by wrongdoing, that someone has done something wrong to her*") (emphasis in original)
13  (internal citations omitted); *accord Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal. 4th 797, 807
14  (2005) (citing *Norgart v. Upjohn Co.,* 21 Cal. 4th 383, 398 (1999) ("A plaintiff has reason to
15  discover the cause of action when he or she 'has reason to suspect a factual basis for its
16  elements.'")). Plaintiff's contention that her claims had not accrued until 2005 because she did
17  not know the "cause" of her injuries, *i.e.,* the exact devices used to restrain her, finds no support
18  in the case law. Thus, Plaintiff's failure to recall the exact devices used to restrain her does not
19  delay the accrual of her claims under the discovery rule. *See Jolly,* 44 Cal. 3d at 1110 ("A
20  plaintiff need not be aware of the specific 'facts' necessary to establish the claim").

22              **2.     Fraudulent Concealment.**
23          Plaintiff further contends that the statute of limitations should be tolled because Officer
24  Vance allegedly concealed the "physical evidence he used to torture plaintiff" by fraudulently
25  concealing the "facts [sic] of the use of the physical restraints" in his police report. (Compl.
26  ¶¶ 47, 49.) In order to toll the statute of limitations because of fraudulent concealment, a
27  plaintiff must "plead with particularity the circumstances surrounding the concealment and state
28  facts showing due diligence in trying to uncover the facts. Additionally, plaintiff must allege
    facts showing affirmative conduct upon the part of the defendant which would, under the

11

circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." *Gibson v. United States,* 781 F.2d 1334, 1345 (9th Cir. 1986.)

Here, Plaintiff has not demonstrated how Officer Vance's alleged false police report led her to believe that she did not have a cause of action based on the harm he allegedly inflicted on her. Plaintiff has consistently maintained that Officer Vance unlawfully subjected her to "inappropriate conduct" and abuse from the time she told the Admittance Clerk at the emergency room about it and throughout her correspondence with the UCPD from 1997 to 2002. Given Plaintiff's persistent claim that Officer Vance tortured and dragged her, this Court concludes that Plaintiff has failed to demonstrate any affirmative conduct on the part of any of the defendants that would lead a reasonable person to believe that Plaintiff did not have a claim for relief. Thus, there was no fraudulent concealment to warrant tolling of the statute of limitations.

### 3. Equitable Estoppel.

Lastly, Plaintiff argues that all of the defendants should be estopped from raising the statute of limitations as a defense because each of them "induced her to forbear filing suit within the statute of limitations period."[5] (Compl. ¶ 57.) This argument is without merit.

Equitable estoppel is available "where the delay in commencing action is induced by the conduct of the defendant." *Lantzy v. Centex Homes,* 31 Cal. 4th 363, 384 (2003). Estoppel is based on the equitable principle that no man should profit from his own wrongdoing. *Id.* at 383. Aside from conclusory allegations that defendants induced Plaintiff to delay commencing suit within the statute of limitations, Plaintiff fails to allege what conduct on the part of any of the defendants she relied upon to induce her to delay filing suit. *See Associated Gen. Contractors of America v. Metro. Water Dist. of So. Cal.,* 159 F.3d 1178, 1181 (9th Cir. 1998) (conclusory allegations are not sufficient to defeat a motion to dismiss). On the contrary, the complaint establishes that nothing the defendants did induced Plaintiff to delay pursuing a remedy for the alleged wrong done to her, including filing an administrative claim in 1997, filing a complaint with the UCPD in 2002, filing a complaint with the State Bar, and writing a book about the

---

[5] Plaintiff does not contend that her claims should be equitably tolled. (*See* Compl. ¶ 57.)

incident. (*See* Compl. ¶¶ 10, 42, 52, 54.)  Thus, the Court finds that equitable estoppel is not warranted in this case.

### D. Plaintiff's Malicious Prosecution Claim is Dismissed for Failure to State a Claim Against These Defendants.

In her twentieth claim for relief, Plaintiff preserves a claim for malicious prosecution against Union City, Fremont, the District, and Gorelick.  Although the limitations period for a malicious prosecution claim does not begin to run until reversal of plaintiff's conviction, *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir. 1983), none of these defendants prosecuted Plaintiff for the crime for which she pled *nolo contendere*.  (*See* Compl. ¶ 50.)  Plaintiff fails to allege sufficient facts to state a claim against defendants for malicious prosecution.  Therefore, this claim is dismissed on the merits.

### CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motions to dismiss with prejudice.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: October 30, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE